**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 95-50639
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY J. COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

September 12, 1996

ON PETITION FOR REHEARING

Before KING, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

The petition for rehearing is GRANTED. The second sentence of the opinion issued on August 9, 1996, is amended to read, "We vacate and remand for resentencing." Part IV of the opinion is amended to read as follows:

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IV.

Coleman maintains that the district court utilized the wrong methodology in applying the U.S.S.G. § 5K1.1 two-level downward departure for "substantial assistance to authorities" by computing the departure from the cross-referenced offense level rather than from the statutory maximum sentence. The court first calculated a base offense level of 43, then granted the government's U.S.S.G. § 3E1.1(a) motion for a three-level reduction for acceptance of responsibility. This left Coleman with an offense level of 40 and a corresponding sentencing range of 360-405 months to life.

In granting the government's motion for a downward departure for cooperation, the court explained that it would "depart downward three levels . . ., which results in an offense level of 37, a range of 292 to 365 months." The statutory maximum sentence for bank robbery, however, is 300 months under 18 U.S.C. § 2113. So, because his sentencing range exceeded the statutory maximum, Coleman did not receive any benefit from the § 3E1.1 reduction but, instead, was sentenced to the statutory maximum.

Coleman failed to raise this issue at sentencing. As a result, under FED. R. CRIM. P. 52(b), we may not vacate his sentence unless the sentencing court committed plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 731-37 (1993)), *cert. denied*,

115 S. Ct. 1266 (1995).

Coleman must show that there is an error, that it is plain, and that it affects substantial rights. *Olano*, 507 U.S. at 732. Even where an appellant carries that burden, "Rule 52(b) is permissive, not mandatory," *id.* at 735, and we are not required to correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *id.* at 732 (citation omitted, brackets in original).

Here, the error is plain. Section 5G1.1(a) provides that when a statutory "maximum sentence is less that the minimum of the applicable guideline range, the statutor[y] maximum . . . shall be the guideline sentence." *See United States v. Kings*, 981 F.2d 790, 797 (5th Cir. 1993). The commentary to § 5G1.1 explains the correct methodology:

> This section describes how the statutorily authorized maximum sentence . . . may affect the determination of a sentence under the guidelines. For example, if the applicable guideline range is 51-63 months and the maximum sentence authorized by statute for the offense of conviction is 48 months, the sentence required by the guidelines under subsection (a) is 48 months; *a sentence of less than 48 months would be a guideline departure.*

(Emphasis added.) This indicates that the departure is subtracted from the statutory maximum, not from the guideline range as otherwise calculated.[1] In *United States v. Martin*, 893 F.2d 73, 76

---

[1] We refer here only to adjustments under chapter 5 of the guidelines and do not consider what the result would be for a chapter 3 adjustment as informed by U.S.S.G. § 1B1.5(c).

(5th Cir. 1990), we observed that it is, indeed, appropriate for a district court, in its discretion, to "depart from the guidelines and sentence below the statutory maximum . . . when the guideline calculations yield a sentencing range above the statutory maximum."

It is also evident that the error affected Coleman's substantial rights.  This is because he received no benefit from his cooperation, which was, to him, an important benefit of the bargain he struck.  As we have decided that the error should be corrected, we need not and therefore do not consider whether it is so severe as to affect the "fairness, integrity or public reputation of judicial proceedings."

The judgment of sentence is VACATED and REMANDED for resentencing.  We do not mean to instruct the district court on what sentence it should impose, or even on whether it should depart in sentencing.  Rather, we remand only in order that the court may exercise its sentencing discretion under the correct methodology that we have explained.